UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELANIE HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-685 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| SHOFFNER KALTHOFF MECHANICAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The Plaintiff, who is proceeding *pro se*, has filed this suit alleging sexual harassment and discrimination pursuant to Title VII of the Civil Rights Act of 1964. [See Doc. 2]. Now before the Court is Plaintiff's "Motion [for] Appointment of Counsel." [Doc. 3].

The Court of Appeals for the Sixth Circuit has held that appointment of counsel in a civil case is not a constitutional right. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). It is, instead, a privilege that is justified only by exceptional circumstances. Id. at 606.

The Court has reviewed the factual allegations in the Complaint, and the Court finds that this case involves allegations of harassment and discrimination in Plaintiff's workplace. The factual allegations are based upon the Plaintiff's first-hand knowledge of these events. The Court finds that Plaintiff has not demonstrated exceptional circumstances justifying the appointment of counsel in this case, and accordingly, the Plaintiff's "Motion [for] Appointment of Counsel" **[Doc. 3]** is **DENIED**.

In her Motion, the Plaintiff submits that she has attempted to obtain counsel from three firms – two in Georgia, one in Knoxville, Tennessee – without success. The Court finds that the Plaintiff has not exhausted the potential pool of lawyers in the area. The Court recommends that the Plaintiff contact the Knoxville Bar Association, (865) 522-6522, to seek assistance in finding counsel.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge